# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD G. SPROLLING, | ) | Case No. EDCV 19-01301-JEM |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | AFFIRMING DECISION OF THE |
| | ) | COMMISSIONER OF SOCIAL SECURITY |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## PROCEEDINGS

On July 16, 2019, Ronald G. Sprolling ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits.  (Dkt. 1.)  The Commissioner filed an Answer on October 31, 2019.  (Dkt. 15.)  On January 22, 2020, the parties filed a Joint Stipulation ("JS").  (Dkt. 17.)  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 63 year-old male who applied for Supplemental Security Income benefits on August 14, 2015, alleging disability beginning November 19, 2012.  (AR 15.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 14, 2015, the application date.  (AR 17.)

Plaintiff's claim was denied initially on January 15, 2016, and on reconsideration on May 10, 2016.  (AR 15.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Alan J. Markiewicz on January 18, 2018, in Orange, California.  (AR 15.)  Plaintiff appeared and testified at the hearing and was represented by counsel.  (AR 15.)  Vocational expert ("VE") Kristan Cicero also appeared and testified at the hearing.  (AR 15.)

The ALJ issued an unfavorable decision on May 2, 2018.  (AR 15-26.)  The Appeals Council denied review on May 20, 2019.  (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.    Whether the ALJ properly considered the examining physician opinions.

2.    Whether the ALJ properly considered Plaintiff's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

1  reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at

2  401 (internal quotation marks and citation omitted).

3      This Court must review the record as a whole and consider adverse as well as

4  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where

5  evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

6  upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

7  "However, a reviewing court must consider the entire record as a whole and may not affirm

8  simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882

9  (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

10  F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

12      The Social Security Act defines disability as the "inability to engage in any substantial

13  gainful activity by reason of any medically determinable physical or mental impairment which

14  can be expected to result in death or . . . can be expected to last for a continuous period of not

15  less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has

16  established a five-step sequential process to determine whether a claimant is disabled. 20

17  C.F.R. §§ 404.1520, 416.920.

18      The first step is to determine whether the claimant is presently engaging in substantial

19  gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

20  in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137,

21  140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or

22  combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not

23  significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must

24  determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R.

25  Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

26  meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen,

27  482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the

28  claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since August 14, 2015, the application date.  (AR 17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: seizure disorder and depressive disorder, not otherwise specified.  (AR 17-18.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 18-19.)

1
2
        The ALJ then found that Plaintiff has the RFC to perform a full range of work at all
exertional levels, but with the following non-exertional limitations:

3
4
5
6
            Claimant cannot climb ladders, ropes, or scaffolds; is not limited in climbing
            ramps and stairs; should avoid all exposure to hazard; is limited to work
            involving simple repetitive tasks; and is limited to work involving no more
            than occasional contact with co-workers and the public.

7
8
9
(AR 20-24.)  In determining the above RFC, the ALJ made a determination that Plaintiff's
subjective symptom allegations were "not entirely consistent" with the medical evidence and
other evidence of record.  (AR 22.)

10
11
12
13
14
        At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a
diesel mechanic and construction worker.  (AR 24.)  The ALJ, however, also found at step five
that, considering Claimant's age, education, work experience, and RFC, there are jobs that
exist in significant numbers in the national economy that Claimant can perform, including the
jobs of cleaner and hand packager.  (AR 25-26.)

15
16
        Consequently, the ALJ found that Claimant is not disabled within the meaning of the
Social Security Act.  (AR 26.)

17
                                    **DISCUSSION**

18
19
20
        The ALJ decision must be affirmed.  The ALJ properly considered the medical evidence.
The ALJ properly discounted Plaintiff's subjective symptom allegations.  The ALJ's RFC is
supported by substantial evidence.

21
**I.      THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

22
        **A.      The ALJ Properly Considered The Medical Evidence**

23
24
        Plaintiff contends that the ALJ improperly rejected the physical examining opinion of
Dr. Karamlou and the psychiatric examining opinion of Dr. Aguilar.  The Court disagrees.

25
                1.      Relevant Federal Law

26
27
28
        The ALJ's RFC is not a medical determination but an administrative finding or legal
decision reserved to the Commissioner based on consideration of all the relevant evidence,
including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20

C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and

6

1 legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot

2 by itself constitute substantial evidence that justifies the rejection of the opinion of either an

3 examining physician or a treating physician"; such an opinion may serve as substantial

4 evidence only when it is consistent with and supported by other independent evidence in the

5 record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

6          2.   Analysis

7      Plaintiff contends he is unable to work due to seizures, mental limitations caused by

8 depression, and other medical issues.  (AR 20, 21.)  The ALJ did find that Plaintiff has the

9 medically determinable severe impairments of seizure disorder and depressive disorder, not

10 otherwise specified.  (AR 17.)  The ALJ also found that Plaintiff's medically determinable

11 impairments of lumbar spine strain, hypertension, hyperlipidemia, diabetes, and substance

12 abuse are non-severe.  (AR 17.)  Notwithstanding his impairments, the ALJ assessed Plaintiff

13 with a RFC for a full range of work limited to simple, repetitive tasks and only occasional

14 contact with co-workers and the public.  (AR 20.)  Consequently, the ALJ concluded that

15 Plaintiff was not disabled from the application date of August 14, 2015, through the date of

16 decision on May 2, 2018.  (AR 26.)

17          a.   Dr. Karamlou

18      On November 23, 2015, internist Dr. Azizollah Karamlou conducted a physical

19 examination of Plaintiff.  (AR 21, 473-478.)  He noted Plaintiff has a history of seizures since

20 2012.  (AR 21, 473.)  He has been on Keppra 500 mg twice daily, which was increased to 750

21 mg.  (AR 21.)  Plaintiff complained of low back pain, and examination revealed decreased

22 range of the lumbar spine.  (AR 21.)  The pulmonary, cardiac, and abdominal examinations

23 were unremarkable.  (AR 21.)  Range of motion of the cervical spine and all extremities were

24 within normal limits.  (AR 21.)  Motor strength was 5/5, and Plaintiff had intact sensation and

25 normal coordination.  (AR 21.)  Dr. Karamlou noted Plaintiff did not need an assistive device for

26 ambulation.  (AR 21.)  Dr. Karamlou assessed Plaintiff with a light work RFC (AR 21) that would

27 preclude all work activity.

28

1    The ALJ, however, gave little weight to Dr. Karamlou's RFC opinion because it is

2  inconsistent with the objective medical evidence.  (AR 23.)  An ALJ may reject a physician's

3  opinion that does not have supportive evidence, is contradicted by other assessments, and is

4  unsupported by the record as a whole.  Batson v. Comm'r, 359 F.3d 1190, 1195 and n.3 (9th

5  Cir. 2004); Bayliss, 427 F.3d at 1216.  Medical records show no significant clinical or diagnostic

6  abnormalities associated with seizures and no frequent office visits in regard to the Claimant's

7  alleged frequency of seizures.  (AR 23.)  There was only one hospital visit on August 29, 2017,

8  due to possible seizures during the relevant period of adjudication.  (AR 21, 22, 23.)  No

9  significant abnormalities were noted in the neurological examination and diagnostic studies.

10  (AR 21.)  Plaintiff had an unremarkable MRI of the head and CT angiography of the head and

11  neck, except some areas of encephalomalacia.  (AR 21.)  There was no evidence of

12  neurological deficits.  (AR 22, 23.)  His Keppra dosage was increased to 1 g twice daily.  (AR

13  23.)  Additionally, there were only mild findings regarding Claimant's back.  (AR 23.)

14    The ALJ also gave great weight to the opinions of two State agency reviewing

15  physicians.  (AR 23.)  These physicians, Dr. Berry and Dr. Vaghaiwalla, found Plaintiff's

16  exertional ability was unlimited except he cannot climb ropes or scaffolds and should avoid all

17  exposure to hazards.  (AR 21-22, 23, 95-97.)  In January 2016, moreover, Dr. Berry indicated

18  that some of Plaintiff's seizures have been noted to be due to alcohol withdrawal, and there is a

19  history of non-compliance (with medication).  (AR 92.)  He also noted there are no X-rays to

20  support any back or neck limitation.  (AR 92.)  He further noted there have been no

21  hospitalizations for his seizures and no recent doctor visits.  (AR 92-93.)  Dr. Vaghaiwalla

22  offered a similar RFC in April 2016.  (AR 109-111.)  The contradictory opinions of other

23  physicians provide specific, legitimate reasons for rejecting a physician's opinion.  Tonapetyan

24  v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

25    Plaintiff incorrectly asserts that a reviewing physician's opinion cannot serve to reject the

26  opinion of an examining physician.  The correct standard, however, is that the opinion of a

27  reviewing physician may serve as substantial evidence only when it is consistent with and

28  supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan,

1   169 F.3d at 600.  Here, the ALJ found that the opinions of Dr. Berry and Dr. Vaghaiwalla were

2   based on a review of the case record.  (AR 23.)  This includes a 2014 progress report that

3   reflected a normal examination.  (AR 23.)  It also includes only one hospital visit for seizures in

4   August 2017.  (AR 23.)  The clinical and diagnostic studies at that hospital visit showed some

5   encephalomalacia and no neurological deficits.

6        Plaintiff disagrees with the ALJ's assessment of the evidence, but it is the ALJ's

7   responsibility to resolve conflicts in the medical evidence and ambiguities in the record.

8   Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable, as it is

9   here, it should not be second-guessed.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir.

10  2001); Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational

11  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be

12  upheld.").

13       The ALJ rejected the opinion of Dr. Karamlou for specific, legitimate reasons supported

14  by substantial evidence.

15                    b.    Dr. Aguilar

16       Plaintiff sought mental health treatment in October 2015 after his wife passed away and

17  he was feeling depressed.  (AR 21.)  He had a normal mental status examination in November

18  2015.  (AR 21.)  Claimant was treated with Lexapro.  (AR 21.)  There was no subsequent

19  mental health treatment since November 2015.  (AR 21.)

20       Dr. Norma Aguilar conducted a consultative psychiatric examination of Plaintiff in

21  December 2015.  (AR 22.)  Plaintiff reported having a fair response to Lexapro.  (AR 22.)  He

22  had a slightly depressed mood, appropriate affect, intact thought processes, and absence of

23  delusions.  (AR 22.)  Dr. Aguilar diagnosed depressive disorder, substance abuse disorder, and

24  alcohol abuse and dependence.  (AR 22.)  She found Plaintiff was not limited in the ability to

25  follow simple or detailed instructions, not limited in the ability to interact with supervisors, co-

26  workers and the public, not limited in the ability to comply with job rules, mildly limited in the

27  ability to respond to changes in a routine work setting, and moderately limited in the ability to

28  respond to work pressure in a usual work setting.  (AR 22.)

9

1    The ALJ assigned partial weight to Dr. Aguilar's opinion.  (AR 24, 506-510.)  The ALJ

2  adopted Dr. Aguilar's limitation to simple repetitive tasks as supported by the objective

3  evidence showing mild deficits in memory and intact concentration.  (AR 24.)  The ALJ,

4  however, rejected Dr. Aguilar's opinion that Plaintiff has moderate limitations responding to

5  work pressure because during the examination Plaintiff was cooperative, made good eye

6  contact, and was able to complete the evaluation.  (AR 24.)  The ALJ's opinion is also

7  supported by State reviewing physician Dr. David Strand who opined Plaintiff was not

8  precluded from working and completing simple tasks.  (AR 23-24, 111-114.)  The ALJ,

9  moreover, limited Plaintiff to simple repetitive tasks with no more than occasional contact with

10  co-workers and the public.  (AR 20.)

11    Again, it is the ALJ's responsibility to resolve conflicts in the medical evidence and

12  ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the

13  record is reasonable, as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857;

14  Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational

15  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be

16  upheld.").

17    The ALJ rejected Dr. Aguilar's opinion that Plaintiff has moderate limitations in

18  responding to work pressure in a usual work setting for specific, legitimate reasons supported

19  by substantial evidence.

20                                                 * * *

21    The ALJ properly considered the medical evidence.

22    **B.    The ALJ Properly Discounted Plaintiff's**
       **Subjective Symptom Allegations**
23
     Plaintiff contends that the ALJ improperly discounted Plaintiff's subjective symptom
24
   allegations.  The Court disagrees.
25
                    1.    Relevant Federal Law
26
     The test for deciding whether to accept a claimant's subjective symptom testimony turns
27
   on whether the claimant produces medical evidence of an impairment that reasonably could be
28

1  expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341,

2  346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80

3  F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's testimony on the

4  severity of symptoms merely because they are unsupported by objective medical evidence.

5  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain

6  testimony not credible, the ALJ "must specifically make findings which support this conclusion."

7  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the

8  court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas, 278

9  F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46.  Unless there is

10  evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a

11  claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."

12  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what

13  testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at

14  722; Smolen, 80 F.3d at 1284.

15            2.    Analysis

16        In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable

17  impairments reasonably could be expected to cause the alleged symptoms.  (AR 22.)  The ALJ,

18  however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting

19  effects of these symptoms are "not entirely consistent" with the medical evidence and other

20  evidence of record.  (AR 22.)  Because the ALJ did not make any finding of malingering, he

21  was required to provide clear and convincing reasons supported by substantial evidence for

22  discounting Plaintiff's subjective symptom allegations.  Smolen, 80 F.3d at 1283-84;

23  Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008).  The ALJ did so.

24        First, the ALJ found that Plaintiff's subjective symptom allegations are inconsistent with

25  the objective medical evidence.  (AR 22-23, 24.)  An ALJ is permitted to consider whether there

26  is a lack of medical evidence to corroborate a claimant's alleged symptoms as long as it is not

27  the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-

28  81 (9th Cir. 2005).  Here, the ALJ noted that notwithstanding Plaintiff's assertions of three or

four seizures a month, medical records reveal only one hospital visit on August 29, 2017, due to possible seizures.  (AR 22.)  Diagnostic studies demonstrated some encephalomalacia, and there was no evidence of neurological deficits.  (AR 22-23.)  No doctor assessed any specific seizure-related limitations except for working around hazards.  Dr. Strand found that the alleged severity of mental limitations was not supported.  (AR 114.)  Also, findings regarding Plaintiff's back were mild.  (AR 23.)

Second, Plaintiff was able to obtain effective relief with medication.  Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled with medication are not disabling).  Here, Plaintiff takes Keppra to control seizures and Lexapro for his depression.  The medical evidence of record also shows that Plaintiff's nonsevere impairments of hypertension, diabetes, and hyperlipidemia are well controlled with medications and diet.  (AR 23.)

Third, the ALJ found Plaintiff's daily activities were inconsistent with disabling limitations (AR 23), which is a legitimate consideration in evaluating credibility.  Bunnell, 947 F.2d at 345-46.  The ALJ found he performed normal activities of daily living.  (AR 23.)  He buys food at the store and at restaurants, walks around the neighborhood, and handles his personal care without assistance.  (AR 23.)  As already noted, he does not need an assistive device to ambulate.  (AR 21.)  Dr. Aguilar found that Plaintiff's daily activities were not limited.  (AR 510.)  Plaintiff contends that these activities do not mean he can work a full-time job, but inconsistent daily activities do prove that his alleged symptoms are not as severe as alleged.  See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disagrees with the ALJ's assessment of the evidence regarding Plaintiff's subjective symptom allegations, but again it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857;  Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence and free of legal error.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED:  May 29, 2020                        */s/ John E. McDermott*
                                            JOHN E. MCDERMOTT
                                            UNITED STATES MAGISTRATE JUDGE